### A. C. ROGERS v. C. R. FOX.

(No. 6201.)

APPEAL from Cooke County.    Opinion by HURT, J.

BLANTON & WRIGHT, counsel for appellant.

POTTER & POTTER, counsel for appellee.

§ 85. *Exemptions; married man living apart from wife and children entitled to as head of a family; costs; rule governing taxation of.*    Appellee, Fox, sued appellant upon an open account, and· caused a writ of attachment to be issued, and levied upon a horse and wagon.    In the justice court Fox recovered a judgment for the sum of $22.60, with a foreclosure of the attachment lien on the horse, the justice holding that the wagon was exempt. Rogers appealed to the county court, and in that court Fox had a judgment for the sum of $21.94, with foreclosure of the lien on both horse and wagon, and from

that judgment Rogers appeals to this court. Rogers claimed that the horse and wagon levied on were exempt property, for the reason that he was a married man and head of a family. The agreed statement of the facts shows that Rogers is a married man, having married in Tennessee about twelve years ago, and that he has a wife and five children living in Montague county, Texas. He has not been living with his wife since January, 1887, but is not divorced. He has not contributed' anything to her support since January, 1887. Rogers is a resident citizen of Cooke county. The writ was levied in January, 1888. The court charged the jury to find in favor of Rogers on his claim that the property was exempt if he " was a married man with a family dependent upon him, and that he was a consistent part of said family," etc. We are of the opinion that the court erred in this charge, and that the charge requested by appellant should have been given, that he was entitled to recover on his plea that he was a married man and the head of a family. We see nothing in the agreed facts in this case to warrant any further qualification of his right to have the law protect his exemption. As will be seen, the judgment in the justice court is for $22.60, and that in the county court was for $21.94. The court taxed the costs of the county court against defendant. This was error. [Art. 1432, R. S.] The statute gave defendant his costs in the county court, as the judgment there recovered against him was for less than the judgment in the justice court. It is true that the court is authorized, for good cause stated in the record, to adjudge the costs otherwise, but none appears here. There is found in the record what appear to be sworn statements of jurors who tried the case that they intended to give the plaintiff a larger verdict. This cannot serve a good cause or any other purpose.

April 23, 1890.       Reversed and remanded.